EMORY B. CHACE, Appellant, v. SUSAN VANDERWERF, Respondent.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Limitation. Partnership.*—A firm claim, created before dissolution, upon which the continuing partner has made payments within six years is not barred against the retiring partner, unless the creditor had notice of the dissolution more than six years prior to the commencement of the action.
2. *Appeal. Error cured.*—An inadvertent assent by the court to an incorrect proposition of law is cured by a subsequent reference to the case as formerly submitted correctly to the jury.

Appeal from a judgment entered upon a verdict at the Monroe county court and from an order denying the plaintiff's motion for a new trial made upon the minutes.

*Fanning & Williams*, for appellant.

*E. F. Wellington*, for respondent.

MACOMBER, J.—This action is brought to recover a balance claimed to be due and unpaid owing the plaintiff by the defendants for lumber sold and delivered to the defendants in the month of October, 1880. The whole amount of sales which were made by the plaintiff and his partner, Myers, was $2,616. The property was sold to the defendants as co-partners, who were doing business under the name of S. Vanderwerf & Son. This firm was dissolved about the 1st of January, 1882, by the retirement therefrom of the defendant, Susan Vanderwerf, who left all the assets of the firm in the hands of the surviving partner, John Vanderwerf, the other defendant, who assumed all the debts and obligations of the

firm then outstanding. Prior to the dissolution the sum of about $1,500 had been paid upon the original indebtedness to the firm of the plaintiff and his then partner. Payments thereon were subsequently made by the defendant, John, in different sums during the years 1882, 1883, 1884.

The defense interposed is the statute of limitations, and such defense is available to this defendant only upon the ground that the plaintiff had knowledge of the dissolution of the firm, at or about the time of such dissolution. This was the principal matter litigated at the trial. Evidence was given in behalf of the defendant from which the jury could derive intelligently the conclusion that the fact of the dissolution was disclosed to the plaintiff orally and that he acted upon the same in subsequent dealings with John Vanderwerf. The fact of the communication by word of the dissolution of the firm is denied by the plaintiff, and an attempt was made by him to explain away the force of the circumstances arising from his subsequent dealings with John. But all of these matters made it a case pre-eminently one for the consideration of a jury, and they having found adversely to the plaintiff, the judgment should be affirmed unless some error was committed upon the trial which was detrimental to the rights of the plaintiff.

The learned county judge properly charged the rule of law governing the defense. In substance, he charged that if the plaintiff received the several payments from John with previous notice of the retirement of the defendant, Susan, from the firm, and the assumption by John of the indebtedness, the statute would run from the time of receiving such notice. In his charge he said: " And if six years had expired from the time of receiving such notice and the time of the commencing of the action, the debt would have been outlawed and the plaintiff could not recover, so this is a simple question for you to consider: Did Mr. Chace have notice of the fact that the firm had dissolved, and, if so, when ? If he had notice of the fact at any time before the six years had

11

expired before the commencing of this action, then the statute of limitations had run and he could not recover, but if he commenced the action at any time within six years, although he had notice, then he is not foreclosed from commencing this action." He also charged "that if this last payment made by John Vanderwerf was received by Mr. Jones, without knowledge of the fact that this firm had been dissolved, then the statute of limitation would not run." The original instructions of the county judge to the jury, it is conceded by the learned counsel for the appellant, were correct, but it is claimed that, by a subsequent portion of the charge made at the instance of the defendant's counsel, a different rule was laid down misleading to the jury, and for which a new trial should be granted. The defendant's counsel asked the court to charge as follows: "I also ask the court to charge that after the dissolution, which took place in December, 1881, the defendant, John, could not bind the partner by promise or part payment of the debt, and that the dissolution was a revocation of his agency or power to bind her by any promise he might make, or any payment." The judge so charged, to which the plaintiff's counsel properly excepted. This portion of the charge is hardly reconcilable with the true rule laid down in the charge in chief, and if this was the whole of the case it would be difficult for us to say that it did not prejudice the plaintiff, even though the true rule had previously been stated. Later on, however, the plaintiff's counsel asked the court to charge as follows: "I ask the court to charge that in the making of these payments by John Vanderwerf there was no new contract made, but it was a continuing of the old contract and payments upon it.

By the Court.—I decline to charge on that subject any further than I have; I think the matter is clearly before the jury now. There is no question of a new contract in the case; the question is merely whether Chace had notice within the rules I have laid down here."

It appears, therefore, that the inadvertent acquiescence to

the proposition made by the learned counsel for the defend-ant in his request to charge was fully cured by the judge's final statement to the jury made in response to the plaintiff's request, and by which he substantially reinstated the case as he had originally placed it before the jury.

Under these circumstances, we think that there was no error in that portion of the charge made at the request of the defendant's counsel which prejudiced the plaintiff.

The judgment and order, therefore, should be affirmed.

BARKER, P. J., and DWIGHT, J., concur.

NOTE ON " CURING ERROR IN JUDGE'S CHARGE."

An error in the charge is not cured by a subsequent portion of charge, unless the court takes back the previous statement, or tells the jury in plain terms that the question is for them to determine. Goodwin v. Burke, 57 Hun, 592.

An exception to an erroneous charge, subsequently corrected, is unavail-ing. Hart v. Ryan, 53 Hun, 638.

An improper refusal to charge a request is cured by subsequently charg-ing substantially a similar request. Parkes v. Stafford, 61 Hun, 623.

An offer by the court to charge the law correctly on the subject, if re-quested, cures the refusal to require a withdrawal of an erroneous state-ment of law made by the opposite counsel on the argument. Smith v. Ruggles, 50 Hun, 606.

As to when an error in the charge to the jury is not cured by earlier in-structions. People v. Hill, 49 Hun, 432.

An error in refusing to charge a request is not cured by charging a sub-sequent request, which did not meet the claim of the previous request. Mayor, etc., v. Mott, 60 Hun, 423.

An error in the charge in misstating the evidence, if any, is cured by a subsequent plain and correct statement. Pollock v. Brooklyn C. R. R. Co., 60 Hun, 584.

An inadvertent assent to an incorrect proposition of law is cured by a subsequent reference to the case as originally given correctly to the jury. Chace v. Vanderwerf, reported above.

A charge that incompetent evidence be disregarded cures error in its admission. Mortimer v. N. Y. E. R. Co., 57 Supr. 244.

Where the charge, as a whole, conveys the true rule of law, the judg-ment will not be reversed, though detached portions may be erroneous. Gall v. Man. R. Co., 24 N. Y. St. Rep. 24.

The judge, after a general charge, need not charge specifically, on request, upon the same point. Id.

The injured party should request the court to correct a misstatement of the evidence in the charge. Arnstein *v.* Haulenbeek, 16 Daly, 382.

A charge in full compliance with a request cures a previous refusal. Phillips *v.* N. Y. C. & H. R. R. R Co., 127 N. Y. 657.

The court can recall the jury and correct any supposed error in the refusal to charge. Id.

The trial court should direct the jury to disregard improper evidence. Nelson *v.* Mayor, etc., 53 Hun, 630.

The language, employed in withdrawing an erroneous portion of the charge, should definitely point out such part. People *v.* Riordan, 117 N. Y. 71.

Erroneous instruction to the jury was held, in this case, not to have been retracted by the subsequent language of the court. Kellogg *v.* Am. Mfg. & S. Co., 57 Hun, 583.

The court may, while the counsel of the parties are present, recall the jury after their retirement and further charge or correct any supposed error in the charge as made, or any refusal to charge. Phillips *v.* N. Y. C. & H. R. R. R. Co., 127 N. Y. 657.

An erroneous charge is not cured, unless withdrawn so explicitly as to preclude the inference that the jury are influenced by it. People *v.* Terrell, 58 Hun, 602; Phillips *v.* N. Y. C. & H. R. R. R. Co., 127 N. Y. 657.

Where the correction sought to be made, is not in the charge, but in the refusal to submit certain propositions to the jury, their subsequent submission in compliance with the request of counsel must be assumed to instruct the jury as effectually as though the court had not previously declined to charge. Id.

Where the whole drift of a charge on a particular question is erroneous the error will not be cured because an expression may be found in the charge which, standing alone, would free it from objection. People *v.* Flack, 125 N. Y. 324.

A portion of the charge which stated that a certain inference is to be drawn from the evidence, is corrected by a subsequent portion which leaves the question to the jury. Junge *v.* Haug, 56 Hun, 650.

As to when an error in the charge to the jury is not cured by the earlier instructions, see People *v.* Hill, 49 Hun, 432.